# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALEXIS D. JOHNSON, | ) |
| Plaintiff, | ) Civil Action No. 2:20-cv-00885-NR |
| v. | ) |
| PG PUBLISHING COMPANY, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant PG Publishing Company, publisher of the Pittsburgh Post-Gazette ("Post-Gazette"), respectfully moves the Court to dismiss with prejudice the Amended Complaint of Plaintiff Alexis D. Johnson for failure to state a claim upon which relief can be granted.  As shown in the accompanying Memorandum in Support of this Motion, the Amended Complaint should be dismissed because the facts alleged do not assert a plausible claim for discrimination or retaliation under 42 U.S.C. § 1981, and the First Amendment to the U.S. Constitution and article I, § 7 of the Pennsylvania Constitution bar both the imposition of liability on the Post-Gazette and the grant to Ms. Johnson of any of the relief sought.

Dismissal is required under § 1981 because the Amended Complaint does not allege the impairment of any contractual right or any adverse employment action, as Ms. Johnson does not allege she was disciplined, penalized, or subjected to any loss in pay; it also fails to allege that she was treated any differently than her white colleagues, or that discrimination was the "but for" cause of her asserted injury.  Nor does the Complaint plausibly allege retaliation given that the claim is predicated on the same allegations as the discrimination claim, and fails to allege Ms. Johnson engaged in *any* statutorily protected activity.

Dismissal is also required on constitutional grounds under federal and state free press protections, because the Complaint alleges that applying standards of professional journalism to Ms. Johnson constitutes discrimination, and asks this Court (among other things) to compel the Post-Gazette to assign her stories of her choosing, notwithstanding her public commentary on the matters to be covered. Such a demand represents impermissible intrusion into the Post-Gazette's editorial decisionmaking and into application of its policies in support of journalistic integrity, and imposing any liability or granting any of the relief sought would violate constitutional protections affored the Post-Gazette. Because Ms. Johnson's claims are foreclosed by these safeguards, they should be dismissed with prejudice.

Respectfully Submitted,

PG PUBLISHING COMPANY

By its attorneys,

/s/     *Robert Corn-Revere*
        Robert Corn-Revere

Robert Corn-Revere (*pro hac vice*)
Ronald London (*pro hac vice*)
Courtney T. DeThomas (*pro hac vice*)
**DAVIS WRIGHT TREMAINE LLP**
1301 K Street NW, Suite 500 East
Washington D.C. 20005
202-973-4200
bobcornrevere@dwt.com
ronnielondon@dwt.com
courtneydethomas@dwt.com

Patrick K. Cavanaugh
**DEL SOLE CAVANAUGH STROYD LLC**
Three PPG Place, Suite 600
Pittsburgh, PA 15222
412-261-2395 (phone)
pcavanaugh@dscslaw.com

Dated: October 16, 2020