IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) 2:20-cv-885-NR |
| | ) |
| v. | ) |
| | ) |
| PG PUBLISHING COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is PG Publishing's motion to dismiss. ECF 20. After careful consideration of the parties' positions, the Court denies the motion. In short, assuming the truth of the factual allegations in the amended complaint and drawing all reasonable inferences in Ms. Johnson's favor, as the Court must do at the pleading stage, Ms. Johnson states plausible claims under 42 U.S.C. § 1981.

Initially, PG Publishing argues that Ms. Johnson hasn't sufficiently pled the existence of any protected activity,[1] adverse action, causation, or denial of her contractual rights, to support her retaliation and discrimination claims. *E.g.*, ECF 21. The Court disagrees. Ms. Johnson has pled sufficient facts to establish these legal requirements at this early stage. *See* ECF 17, ¶¶ 16-21, 23, 25-26, 30-34, 36-39,

---

[1] PG Publishing contends that Ms. Johnson's Twitter post was not protected activity because it opposed racism in society generally, rather than issues specifically related to PG Publishing's employment practices or specific race-based deprivations of contractual rights. Even if PG Publishing were correct on this point, Ms. Johnson pleads other instances of protected activity, such as her opposition to PG Publishing precluding reporters, including herself, from covering certain stories and "beats" because they opposed PG Publishing's alleged racial discrimination and animus. *E.g.*, ECF 17, ¶¶ 21, 25, 28-29, 34, 36; ECF 31, pp. 33-34. Some of this "opposition" blends into the facts related to her alleged harm; but at this stage, there are sufficient facts to plausibly plead protected activity, and to allow the parties to better refine the contours of the retaliation claim and defenses in discovery.

42-43; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (stating that a plaintiff need only plead "sufficient factual matter," taken as true, to allow "the reasonable inference that the defendant is liable for the misconduct alleged" (cleaned up)).

PG Publishing also argues that under the First Amendment, it cannot be liable here because Ms. Johnson's lawsuit intrudes on PG Publishing's exercise of its editorial discretion as to the content of what it elects to publish. *E.g.*, ECF 21. On this issue, however, the parties appear to dispute several material facts, and the record is otherwise too undeveloped for the Court to presently decide this issue. That is, while the First Amendment provides a publisher absolute discretion to refrain from publishing content, *see Miami Herald Pub. Co. v. Tornillo*, 418 U.S. 241, 256-58 (1974), this discretion does not extend to allow a publisher to make any and all discriminatory personnel decisions, *see Associated Press v. NLRB*, 301 U.S. 103, 131-33 (1937). Thus, for example, drawing all reasonable inferences in her favor, Ms. Johnson alleges that PG Publishing re-assigned her to cover less important and publicized news stories because of her race and protected activity. *E.g.*, ECF 17, ¶¶ 19, 21, 34, 36, 42. PG Publishing disputes this, arguing that Ms. Johnson remained assigned to the same "beat," and was simply precluded from covering a few specific stories she had requested. *E.g.*, ECF 21, pp. 8, 10. The clarification or resolution of this factual dispute is necessary before the Court can rule on PG Publishing's First Amendment defense.

Because discovery is likely to refine both the claims and defenses in this case, the Court denies the motion without prejudice to PG Publishing raising its

arguments, including its First Amendment argument, on a more factually developed record at summary judgment or trial.

Accordingly, this **17th day of August, 2021**, the Court **hereby ORDERS** that Defendant's motion to dismiss (ECF 20) is **DENIED**. A case management order will follow.

/s/ *J. Nicholas Ranjan*  
United States District Judge