IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS D. JOHNSON, | ) |
| Plaintiff, | ) 2:20-cv-885-NR |
| v. | ) |
| PG PUBLISHING COMPANY, | ) |
| Defendant. | ) |

# MEMORANDUM ORDER

On August 17, 2021, the Court issued an order denying Defendant PG Publishing Company's motion to dismiss. ECF 37. PG Publishing now moves for the Court to certify that order for interlocutory appeal, under 28 U.S.C. § 1292(b). ECF 41. Specifically, PG Publishing asks the Court to certify two questions for interlocutory appeal:

1. Whether the First Amendment bars liability under 42 U.S.C. § 1981 ("Section 1981") where the alleged discriminatory conduct is limited to an editorial decision about what stories to pursue; and

2. Whether a plaintiff has failed to plead but-for causation as required by Section 1981 where the assignment decision was made based on an ethical standard of journalism that was applied equally to all staff members, regardless of race.

ECF 41.

For the following reasons, the Court denies the motion.

In seeking certification of the prior order for interlocutory appeal under Section 1292(b),[1] PG Publishing must show that: (1) the Court's order involves a controlling

---

[1] Section 1292(b) states: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for

question of law, (2) there is substantial ground for difference of opinion with respect to that question, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974); *Premick v. Dick's Sporting Goods*, No. 06-0530, 2007 WL 588992, at *1 (W.D. Pa. Feb. 20, 2007) (McVerry, J.). PG Publishing, as the movant, bears the burden of showing that all three requirements are met. *See, e.g.*, *Premick*, 2007 WL 588992, at *1; *Glover v. Udren*, No. 08-990, 2013 WL 3072377, at *1 (W.D. Pa. June 18, 2013) (Ambrose, J.). And even if all three elements are satisfied, "a district court may still deny certification, as the decision is entirely within the district court's discretion." *Premick*, 2007 WL 588992, at *1 (citations omitted); *see also Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."); *Glover*, 2013 WL 3072377, at *1. "Certification of an interlocutory appeal is granted sparingly and only in exceptional circumstances." *Premick*, 2007 WL 588992, at *1 (citations omitted); *see also Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958).

***Controlling question of law.*** Turning to the first element for certification, the Court finds that PG Publishing has not made a sufficient showing for certification. A controlling question of law includes "order[s] which, if erroneous, would be reversible error on final appeal." *Glover*, 2013 WL 3072377, at *2 (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)). A court's order does

---

difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

not include a requisite controlling question of law, however, when the dispute turns on the court's application and interpretation of the facts. *E.g.*, *Glover*, 2013 WL 3072377, at *2 ("A question that appears to be a controlling question of law but nevertheless presents a question about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of section 1292(b)." (cleaned up)); *Premick*, 2007 WL 588992, at *2 (same); *see also McCoy v. Favata*, No. 17-1046, 2020 WL 5891898, at *2 (D. Del. Oct. 5, 2020); *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1002 (D.N.J. 1996).

In seeking certification on the First Amendment issue, PG Publishing relies on many of the same First Amendment arguments that it raised in its motion-to-dismiss briefing. ECF 42, pp. 3-6. The Court has no doubt that these are weighty and important constitutional issues; but they are simply not positioned to be addressed on the current factual record. As the Court stated in its prior order, factual issues and disputes must be resolved before the Court can decide PG Publishing's First Amendment arguments. ECF 37, p. 2. The Court's order turned on its understanding and interpretation of the facts alleged in the complaint. Put simply, the Court did not reject PG Publishing's First Amendment legal arguments—the Court only concluded that the factual record first needed to be developed.[2]

Thus, while PG Publishing may disagree that any factual resolution is necessary, the Court's order, as related to the First Amendment issue, did not include a requisite controlling question of law. *See, e.g.*, *Glover*, 2013 WL 3072377, at *2 ("Legal questions in which the exercise of the district court's discretion is necessarily

---

[2] Indeed, many of the principal cases upon which PG Publishing relies for its First Amendment defenses were decided on a more developed record, such as at summary judgment or trial, or after an administrative fact-finding hearing. *See, e.g., Hurley v. Irish-Am. Gay, Lesbian, & Bisexual Grp. of Boston*, 515 U.S. 557 (1995); *Newspaper Guild of Greater Phila., Local 10 v. NLRB*, 636 F.2d 550 (D.C. Cir. 1980); *Nelson v. McClatchy Newspapers, Inc.*, 936 P.2d 1123 (Wash. 1997).

intertwined with its understanding of the facts of the case are not questions contemplated to fall within the purview of section 1292(b)." (cleaned up)); *McCoy*, 2020 WL 5891898, at *2 ("An order involves a controlling question of law when it concerns a question of law, as opposed to one of fact or a mixed question of law and fact." (cleaned up)); *cf. Katz*, 496 F.2d at 754 ("[L]eave to appeal may be denied for entirely unrelated reasons such as the state of the appellate docket or *the desire to have a full record before considering the disputed legal issue*." (emphasis added)).

As to the Section 1981-causation question, PG Publishing likewise takes issue with the Court's reading of the complaint. That is, PG Publishing argues that the complaint insufficiently alleges but-for causation because it includes allegations of white reporters being treated similarly to Ms. Johnson. *E.g.*, ECF 42, pp. 2, 6-8. Yet for the same reasons just discussed, the Court's August 17, 2021, order did not include a requisite controlling question of law regarding this issue. That order, drawing all reasonable inferences in Ms. Johnson's favor, as required, concluded that Ms. Johnson sufficiently pled but-for causation—as she alleged, for example, that PG Publishing retaliated and discriminated against her "because she had opposed and spoke out about racism and the murder of black people at the hands of police" and because PG Publishing's managing editor "target[ed]" "black people." ECF 37, p. 1 (citing ECF 17, *inter alia*, ¶¶ 21, 26). Certainly, as PG Publishing emphasizes, the complaint alleges that PG Publishing later took white reporters off certain stories after removing Ms. Johnson; but development of the factual record is needed to determine the circumstances surrounding this post-hoc action. For similar reasons as the First Amendment issue, then, the Section 1981-causation issue did not include a controlling question of law. *See, e.g.*, *Glover*, 2013 WL 3072377, at *2.

***Substantial ground for difference of opinion, & Materially advance the termination of the litigation.*** Because PG Publishing has not satisfied its burden as to the first element, the Court need not address the other two elements for

certification. The Court notes, however, that these other requirements also weigh against certification.

Regarding the second element—substantial ground for difference of opinion—PG Publishing essentially argues that (1) the Third Circuit has not yet addressed the precise First Amendment issue and Section 1981-causation issue relevant here, and (2) various courts have sometimes ruled in the defendant's favor based on the facts at issue in *those* cases. *See* ECF 42, pp. 8-11. Yet much of PG Publishing's arguments have been based on Supreme Court jurisprudence, which, by its definition, is settled law. And indeed, as already explained, this Court's prior order was based on its determination that factual development of the record was needed, thus weighing against certification. *See, e.g.*, *Premick*, 2007 WL 588992, at *2 ("Although Plaintiff cites to authority that he claims conflicts with the Court's decision, the Court is not persuaded that a substantial ground for difference of opinion exists to justify interlocutory review. Rather, Plaintiff has merely expressed disagreement with the Court's ruling, which does not warrant an interlocutory appeal. A party stating its difference of opinion with respect to the Court's discretionary findings does not constitute a substantial ground for difference of opinion." (cleaned up)); *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2014 WL 12539666, at *1 (W.D. Pa. July 3, 2014) (McVerry, J.) ("A party's strong disagreement with the Court's ruling does not constitute a substantial ground for difference of opinion. Nor does a dispute over the application of settled law to a particular set of facts." (cleaned up)).

The third element—material advancement of the ultimate termination of the litigation—likewise weighs against certification, for similar reasons discussed above. Certifying the case for appeal only to have it remanded by the Third Circuit for further factual development will not materially advance this litigation. PG

Publishing is better served raising its arguments at the summary-judgment stage, on a developed factual record.

Ultimately, the Court concludes that PG Publishing has not met its burden of showing that all three elements for interlocutory appeal under Section 1292(b) are met.

Accordingly, for all of these reasons, it is hereby **ORDERED** that Defendant's Motion to Certify for Interlocutory Appeal (ECF 41) is **DENIED**.  IT IS FURTHER **ORDERED** that the Court's Case Management Order (ECF 38) shall remain in effect.

DATE: September 14, 2021               BY THE COURT:

                                       /s/ *J. Nicholas Ranjan*
                                       United States District Judge