IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXIS D. JOHNSON, | Civil Action |
| Plaintiff, | No. 2:20-cv-885 |
| v. | Judge J. Nicholas Ranjan |
| P G PUBLISHING COMPANY, t/d/b/a Pittsburgh Post Gazette, | |
| Defendant. | |

### PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE

Plaintiff, Alexis Johnson, by undersigned counsel, and pursuant to Fed.R.Civ.P. 41(a)(2), moves for voluntary dismissal with prejudice, and in support states the following:

1. This is a retaliation and race discrimination action brought pursuant to the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981.

2. During discovery it was learned that various arguably discoverable text messages may have possibly and inadvertently been deleted from Ms. Johnson's cell phone, in the normal course of document deletion.

3. At the outset, many text messages were downloaded from the cell phone. (AJ 945-986).

4. Other arguably relevant text messages were able to be recovered from the devices of the cell phones of others. (AJ 3936-3973).

5. However, despite Ms. Johnson's best efforts to locate any additional text messages, she has been unable to do so, despite the expenditure of significant amounts of fees and costs for forensic computer services.

6. To avoid incurring any further such costs, Ms. Johnson desires to voluntarily dismiss this action, with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2).

7. A dismissal with prejudice would provide Defendant with all the relief that could have been obtained after a full trial, and Defendant is protected from future litigation by the doctrine of res judicata.

8. Thus, Defendant will not lose any substantial right by the dismissal, and instead will benefit because the dismissal will be with prejudice. *See Crampton v. Grabbagreen Franchising, LLC.*, 2021 U.S. Dist. LEXIS 226241 at *6 (D. Arz. Nov. 23, 2021); *id.*, at *9-10, *citing Carroll v. E One Inc.*, 893 F.3d 139, 146, 149 (3d Cir. 2018).

9. Nor does this case present exceptional circumstances that counsel against unconditional voluntary dismissal with prejudice. *See Carroll*, 893 F.3d at 149(exceptional circumstances are litigant's failure to perform meaningful pre-suit investigation, coupled with litigant's repeated practice of bringing claims and dismissing them with prejudice after inflicting substantial costs on the opposing party and the judicial system).

Wherefore, Plaintiff respectfully moves for voluntary dismissal with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2).

                                                Respectfully submitted,

                                                Rothman Gordon, P.C.

                                                */s/ Samuel J. Cordes*
                                                Samuel J. Cordes
                                                Pa. I.D. #54874

                                                310 Grant Street - Third Floor
                                                Pittsburgh, PA 15219
                                                (412) 338-1163 (telephone)
                                                (412) 246-1763 (facsimile)
                                                sjcordes@rothmangordon.com
                                                Attorney for Plaintiff